UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEMITRIUS WHITFIELD,

                              Plaintiff,

                 -against-

OPERATION,

                              Defendant.

20-CV-7725 (CM)

ORDER DENYING
RECONSIDERATION

COLLEEN McMAHON, United States District Judge:

On September 17, 2020, Plaintiff filed this action *pro se* and *in forma pauperis* ("IFP"). By order dated September 21, 2020, the Court directed Plaintiff, within thirty days, to submit an amended request to proceed IFP ("IFP application") or pay the $400.00 in fees that was, at that time, required to file a civil action in this court.[1] (ECF 3.) That order specified that failure to comply would result in dismissal of the complaint. (*Id.*) Plaintiff did not file an amended IFP application, and the Court dismissed the complaint without prejudice on November 4, 2020, and civil judgment was entered the same day. (ECF 4, 5.)

More than three months later, on January 19, 2021, the Court received from Plaintiff a letter stating that he was, at that time, detained on Rikers Island, and requesting a docket sheet. (ECF 6.) The clerk's office sent a docket sheet to Plaintiff at the address that he provided, but it was returned as undeliverable on February 9, 2021. Plaintiff did not communicate with the Court any further.

---

[1] The filing fee is now $405.00.

More than four years later, on October 9, 2025, Plaintiff filed a motion (ECF 7), a declaration seeking to "reopen" this matter and "forward" it to the "Supreme Court for lack of distribution" (ECF 8), and an application for leave to proceed IFP (ECF 9).

The Court liberally construes Plaintiff's motion as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). This application was filed on October 9, 2025, almost five years after dismissal without prejudice of this action in 2020, and is therefore untimely under Fed. R. Civ. P. 60(b)(1)–(3).

2

Moreover, even under a liberal interpretation, Plaintiff's motion fails to demonstrate that any of the grounds listed in Rule 60(b)(4) or (5) apply. Therefore, the motion under any of the first five clauses of Rule 60(b) is denied.

A motion for relief under Fed. R. Civ. P. 60(b)(6) "must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

The Court dismissed Plaintiff's complaint without prejudice because he failed to comply with an order directing him to file an amended IFP application. Plaintiff's submissions do not demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motion to reopen (ECF 7), which the Court construes as a motion under Rule 60(b) of the Federal Rules of Civil Procedure, is denied. The Clerk of Court is directed to terminate the motion. This action is closed. Plaintiff should not file additional documents in this action other than those directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    October 15, 2025
          New York, New York

_____
          COLLEEN McMAHON
          Chief United States District Judge